IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CURTIS O'NEIL MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:25-cv-1184 |
| WHEELIHAN MOTOR GROUP, | ) | |
| INC., and HARLEY-DAVIDSON | ) | |
| MOTOR COMPANY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED MEMORANDUM OPINION AND ORDER[1]**

Lindsey A. Freeman, United States District Judge

It is hornbook law that a state-court defendant may only remove a lawsuit to federal court based on diversity jurisdiction if "the citizenship of each plaintiff" is "diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *see also Strawbridge v. Curtiss*, 3 Cranch 267, 267 (1806) (Marshall, C.J.). A straightforward application of that rule to this case demands that this Court remand the case back to state court. The plaintiff, Curtis O'Neil Moore ("Moore"), a domiciliary of North Carolina, brought a state-law tort lawsuit in North Carolina state court against

_____

[1] This Amended Memorandum Opinion and Order supersedes the Court's Memorandum Opinion and Order issued on April 24, 2026, Dkt. 21, to substitute the correct state court for remand. Beyond modifying the remand court from the Alamance County Superior Court to the Guilford County Superior Court, the Court's analysis is unchanged between the original Memorandum Opinion and Order and this Amended Memorandum Opinion and Order.

Wheelihan Motor Group, Inc. ("Wheelihan"), a business domiciled in North Carolina, and Harley-Davidson Motor Company, Inc. ("Harley-Davidson"), a business domiciled in Wisconsin. *See* Dkt. 1-3 ("State Court Complaint") ¶¶ 1-4. Because Moore and Wheelihan are both domiciliaries of North Carolina, this Court lacks original jurisdiction under 28 U.S.C. § 1332(a) over Moore's state-law claims.

Harley-Davidson nonetheless removed Moore's lawsuit from state court by invoking the diversity jurisdiction of this Court. *See* Dkt. 1 ¶¶ 9-16. Harley-Davidson claims that because it removed this lawsuit to federal court before Moore could serve either defendant, this case may be removed under 28 U.S.C. §§ 1441(a) and 1441(b)(2) through a growing trend called "snap removal." *See* Dkt. 14 at 2, 5-6; *see also* Dkt. 1 ¶¶ 14-16. To justify this argument, Harley-Davidson also appears to assert that snap removal may be invoked absent complete diversity of citizenship. *See* Dkt. 1 ¶¶ 7, 10, 13 (acknowledging that both Moore and Wheelihan are North Carolina domiciliaries). In fact, Moore and Harley-Davidson focus the entirety of their briefing on whether, as a matter of first impression in this District, the Court should endorse the practice of snap removal. *See generally* Dkts. 10, 14.[2]

---

[2] While some background on snap removal is necessary to resolve this dispute, the Court takes no position on whether 28 U.S.C. § 1441(b)(2) permits snap removal, and nothing in this Memorandum Opinion and Order should be construed as endorsing either side of the split on that issue. The Court leaves resolution of the snap removal question for another day, when it is properly before the Court in a case exhibiting complete diversity of citizenship.

Remand, however, is easily granted here.  In short, snap removal is irrelevant to this case because it may not be invoked (if it may be invoked at all) unless the lawsuit presents complete diversity of citizenship when the complaint is filed.  Plaintiff Moore and Defendant Wheelihan are both citizens of North Carolina; therefore, the case lacks complete diversity.  Because the Court lacks original jurisdiction, the action may not be removed to federal court.  *See* 28 U.S.C. § 1441(a).  The Court thus GRANTS Moore's motion to remand back to state court.

## FACTS AND PROCEDURAL HISTORY

Moore, a resident of North Carolina, sustained serious injuries after he was involved in a motorcycle accident near Burlington, North Carolina.  *See* State Court Complaint ¶¶ 23-30.  Moore alleges that the accident was caused by certain defects with the motorcycle driven by the other rider involved in the crash.  *Id.* ¶¶ 26, 31-33.  That motorcycle was allegedly manufactured by Harley-Davidson and sold by Wheelihan.  *Id.* ¶¶ 22, 31.  Moore subsequently brought a lawsuit in Alamance County Superior Court for negligence and breach of warranty under North Carolina law.  *Id.* ¶¶ 63-103.  He sued Wheelihan and Harley-Davidson, domiciliaries of North Carolina and Wisconsin, respectively.  *Id.* ¶¶ 2, 4.

Moore filed his initial complaint in state court on December 17, 2025.  *See* Dkt. 1-2.  The operative amended complaint was filed the next day.  *See* State Court Complaint.  Before Moore could effectuate service of process as to either Defendant, Harley-Davidson

3

removed Moore's lawsuit to this Court on December 27, 2025. *See* Dkt. 1 ¶ 4. In its notice of removal, Harley-Davidson candidly recognizes that "Wheelihan is a domestic corporation organized and existing pursuant to the laws of the State of North Carolina with its principal place of business in High Point, North Carolina." *Id.* ¶ 13. But it asserts that "[r]emoval is proper under 28 U.S.C. §§ 1332 and 1441 because although this action was filed in a state court located in a forum state, the forum defendant rule [contained in 28 U.S.C. § 1441(b)(2)] does not bar removal." *Id* ¶ 14. In Harley-Davidson's view, that is the case because "no defendant has been properly joined and served at the time of removal." *Id.*

Moore moved to remand the case back to state court, *see* Dkt. 10, and the parties briefed the merits of that motion, *see* Dkts. 10-1, 14. For the reasons stated below, the Court grants Moore's motion.

## ANALYSIS

Harley-Davidson may not remove this case based on diversity jurisdiction because it lacks complete diversity of citizenship. *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Both Moore and Wheelihan are domiciliaries of North Carolina, defeating diversity of citizenship. Because, absent complete diversity, this Court would not have possessed original jurisdiction over this dispute had Moore filed it in federal court, Harley-Davidson's arguments for removal must be rejected. *See* 28 U.S.C. § 1441(a); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The removal statute does not

4

expand the original subject-matter jurisdiction duly conferred upon this Court by Congress. *See Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 441 (2019) (removal is proper only if the "action could have been brought originally in federal court"). Invocation of so-called snap removal accordingly does nothing to help Harley-Davidson. *See M & B Oil, Inc. v. Federated Mut. Ins. Co.*, 66 F.4th 1106, 1110 (8th Cir. 2023) (satisfying the requirements of 28 U.S.C. § 1441(b)(2) "cannot create jurisdiction"); *see also* 28 U.S.C. § 1441(b)(2) (imposing limitations on removal of "[a] civil action *otherwise removable* solely on the basis" of diversity jurisdiction (emphasis added)).

As the party claiming federal jurisdiction, Harley-Davidson bears the burden of establishing that jurisdiction exists. *See Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). The Court must strictly construe removal jurisdiction and resolve all doubts in favor of remand. *See Palisades Collections LLC v. Shorts*, 552 F.3d 327, 336 (4th Cir. 2008). And the Court must remand the case back to state court if it determines that Harley-Davidson has failed to carry its burden to establish subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

As explained above, the parties spill significant ink arguing about whether this Court should endorse snap removal as a matter of first impression. But snap removal does not bear on whether Harley-Davidson could properly remove this case to federal court because jurisdiction fails at an antecedent step: lack of complete diversity. The Court is mindful that the Supreme Court recently reminded the lower courts that the

parties "frame the issue for decision," and courts should avoid lawyering on their behalf so as not to run afoul of the principle of party presentation. *See Clark v. Sweeney*, 607 U.S. 7, 9 (2025) (per curiam) (internal quotations omitted). But while the parties did not key into the specific jurisdictional defect present in this lawsuit, the Court is duty-bound to assure itself that subject-matter jurisdiction exists, and it must raise the issue *sua sponte* if necessary. *See Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004). Further, Moore's failure to identify that Wheelihan's domicile deprives this Court of jurisdiction cannot waive that defect. *Id.* The Court therefore departs from the parties' briefing to resolve Moore's motion to remand.

The Court begins with a review of diversity jurisdiction and removal, explaining how original subject-matter jurisdiction interacts with the removal statute. It concludes with an analysis of Harley-Davidson's arguments for removal, detailing why snap removal provides no basis for creating jurisdiction where it otherwise would not exist.

I.    **The Removal Statute Requires Complete Diversity for a Defendant to Remove from State Court.**

Removal is not proper absent complete diversity of citizenship. The federal courts "are courts of limited jurisdiction" and thus possess "only that power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The lower federal courts, in turn, possess only the jurisdiction that the Constitution permits and Congress confers upon them. *Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 352 (4th Cir. 2020). The Constitution expressly provides that

6

"[t]he judicial Power shall extend … to Controversies … between Citizens of different states."  U.S. Const. art. III, § 2.  And since the Judiciary Act of 1789, "Congress has constantly authorized the federal courts to exercise [original] jurisdiction based on the diverse citizenship of the parties."  *Lewis*, 519 U.S. at 68.  As early as 1806, however, Chief Justice Marshall construed the then-operative diversity jurisdiction statute to require what came to be known as "complete diversity."  *See Strawbridge*, 3 Cranch at 267.  To satisfy that requirement "*no* plaintiff can be a citizen of the same state as *any* defendant."  *M & B*, 66 F.4th at 1109 (emphasis in original).  The Supreme Court has reaffirmed that construction as to every subsequent diversity-jurisdiction statute.  *Lewis*, 519 U.S. at 62; *see also Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("Over the years Congress has repeatedly re-enacted or amended the statute conferring diversity jurisdiction, leaving intact [the] rule of complete diversity.").

The complete diversity requirement is critical to this case because "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by" a defendant. *Williams*, 482 U.S. at 392; *see also* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court *of which the district courts of the United States have original jurisdiction*, may be removed by the defendant or the defendants …." (emphasis added)).  And "[a] case falls within the federal district court's 'original' diversity jurisdiction only if diversity of citizenship among the parties is complete."  *Schacht*, 524 U.S. at 388.

It is undisputed that Moore's lawsuit lacks complete diversity, *see* Dkt. 1 ¶ 13, because both Moore and Wheelihan are domiciliaries of North Carolina.[3] This Court thus lacks original jurisdiction over Moore's state-law claims because he could not have originally filed this lawsuit in federal court. *Schacht*, 524 U.S. at 388. That conclusion should end this Court's inquiry. But, appearing to misconstrue the contours of the novel "snap removal" theory it invokes, Harley-Davidson claims that it may remove this case to federal court *even without* complete diversity of citizenship. *See* Dkt. 1 ¶ 13. As explained below, the Court disagrees.

## II. Snap Removal, to the Extent it is Permissible, May Not be Invoked Absent Complete Diversity.

Harley-Davidson argues that removal was proper here because diversity exists as to it (a Wisconsin domiciliary) and Moore (a North Carolina domiciliary), and diversity was complete because "[a]t the time of removal, Wheelihan, the [North Carolina] defendant, had not been properly joined and served." Dkt. 14 at 4 (quotation modified). In support of that novel theory of diversity, Harley-Davidson cites "inapposite caselaw regarding 'snap removals.'" *See In re Levy*, 52 F.4th 244, 247 (5th Cir. 2022) (per curiam). The Court is not persuaded that Harley-Davidson's authority supports the weight of its

---

[3] A corporation is a domiciliary of the states in which it: (1) is incorporated; and (2) has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is its corporate "nerve center," typically its headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). It is undisputed by Harley-Davidson that Wheelihan, a corporation, is incorporated and headquartered in North Carolina. *See* Dkt. 1 ¶ 13.

argument because "snap removal cannot cure lack of complete diversity." *M & B*, 66 F.4th at 1110.

Some background on snap removal is necessary to dispel Harley-Davidson's misapprehensions. The general removal statute permits removal based on diversity jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1441(a). But that statute imposes an additional *procedural* limitation on removal when a defendant seeks to remove to federal court based on diversity. *See Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018). The text of the statute restricts the right to remove "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This limitation, often called the "forum defendant" or "home state defendant" rule, precludes defendants sued in the state courts of their (or their co-defendants') domicile from removing to federal court. *See Hanson v. Depot LBX, Inc.*, 756 F. Supp. 3d 56, 59 (W.D. Va. 2024).

Harley-Davidson's arguments center on the language "properly joined and served." *See* 28 U.S.C. § 1441(b)(2). Courts across the country have fractured about whether that phrase should be construed to allow a defendant in a diversity action to remove a case to federal court, so long as it does so *before* the forum-state defendant has been formally served in the state-court action—so called "snap removal." Recently, three courts of appeal have endorsed the practice. *See Encompass*, 902 F.3d at 151-54; *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704-07 (2d Cir. 2019); *Tex. Brine Co., LLC v. Am. Arb.*

9

*Ass'n, Inc.*, 955 F.3d 482, 485-87 (5th Cir. 2020).  The other courts of appeal have not squarely weighed in on the question,[4] and district courts across the country (including within the Fourth Circuit) have splintered on the issue.  *See* Valerie M. Nannery, *Closing the Snap Removal Loophole*, 86 Univ. Cin. L. Rev. 541, 552-56 (2018) (describing the split in the district courts); *see also, e.g.*, *Hanson*, 756 F. Supp. 3d at 68-69, 75 (holding that snap removal is permissible and collecting cases on either side of the split); *Androus v. Androus*, 747 F. Supp. 3d 904, 906-10 (E.D. Va. 2024) (holding that snap removal is not permissible and collecting cases on either side of the split).

Harley-Davidson's reliance on snap removal jurisprudence is misguided, though, because § 1441(b)(2) cannot be invoked without complete diversity of citizenship.  *See M & B*, 66 F.4th at 1110.  Indeed, if § 1441(b)(2) operated as Harley-Davidson urges, the forum defendant rule would expand the federal courts' jurisdiction.  Unfortunately for Harley-Davidson, the general removal statute "confers on state-court defendants a *right* to federal jurisdiction," it does not "*supply* that jurisdiction."  *Univ. of N.C. Hosps. at Chapel Hill v. United Healthcare of N.C., Inc.*, No. 1:25-cv-107, 2026 WL 710539, at *3 n.4 (M.D.N.C. Mar. 13, 2026) (emphasis in original); *see also Burrell v. Bayer Corp.*, 918 F.3d 372, 378 (4th Cir. 2019) (a defendant is only entitled to removal under § 1441 if the plaintiff's "claims could have been brought in federal court originally, based on some independent source

---

[4] The Sixth Circuit appears to have endorsed snap removal in dicta, *see McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001), but it has never formally weighed in on the split.

of federal jurisdiction"); *Roxbury Condo. Ass'n Inc. v. Anthony S. Cupo Agency*, 316 F.3d 224, 227 (3d Cir. 2003) ("Section 1441 is a procedural rather than a jurisdictional statute," and removal jurisdiction "is therefore wholly derived from original federal jurisdiction").

Harley-Davidson's position cannot be squared with the text of § 1441. Section 1441(a) limits removal to instances where "the district courts of the United States *have original jurisdiction*." 28 U.S.C. § 1441(a) (emphasis added). To the extent removal is arguably based on diversity, the forum defendant rule in § 1441(b)(2)—on which Harley-Davidson relies—is similarly limited to those instances when a "civil action" is "otherwise removable … on the basis of the jurisdiction under section 1332(a)." As previously noted, however, a case lacks "original jurisdiction"—and is thus not removable based on diversity jurisdiction pursuant to § 1332—when the case lacks complete diversity. *Schacht*, 524 U.S. at 388. "Snap removal or not, an absence of complete diversity makes a federal forum unavailable." *M & B*, 66 F.4th at 1110 (citing 28 U.S.C. §§ 1441(a), 1447(c)).

Harley-Davidson's arguments regarding timing and service do not change that basic jurisdictional fact. To comport with Harley-Davidson's arguments, the general removal statute would have to permit pre-service removal based on "minimal diversity" (*i.e.*, when "the citizenship of any plaintiff differs from that of any defendant"). *See Navy Fed*, 972 F.3d at 352. While it is constitutionally permissible for Congress to expand the federal courts' jurisdiction in that manner, *see Lewis*, 519 U.S. at 68 n.3, "Congress (so far)

11

has declined to extend federal-diversity jurisdiction to this constitutional limit," *Navy Fed.*, 972 F.3d at 352. This Court, therefore, will not embrace an interpretation of 28 U.S.C. § 1441 that relies upon "minimal diversity" in the face of the plain text of the removal statute and the case law construing diversity jurisdiction to require complete diversity. *See Schacht*, 524 U.S. at 388.

Additionally, Harley-Davidson's proposed rule—which assesses diversity at the moment of removal—is at odds with the Supreme Court's observation that "[t]he existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989). Because diversity is ordinarily assessed upon the complaint's filing, the mere fact that "the resident defendant has not been served with process does not justify removal by the non-resident defendant." *See Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939). In short, "service does not matter in evaluating the diversity of the parties." *M & B*, 66 F.4th at 1109.

The Court is not alone in concluding that snap removal does not apply in the absence of complete diversity. The Fifth and Eighth Circuits have reversed district courts' erroneous decisions, under misapplications of snap removal, to exercise removal jurisdiction over disputes between minimally diverse parties. *See Levy*, 52 F.4th at 246; *M & B*, 66 F.4th at 1110. The Seventh Circuit has also recognized the impropriety of misusing snap removal to get around complete diversity, dismissing the nondiverse

12

defendant on appeal to cure the jurisdictional defect. *See Rao v. J.P. Morgan Chase Bank, N.A.*, 153 F.4th 541, 548-49 (7th Cir. 2025). Other district courts within the Fourth Circuit have reached conclusions in line with *M & B*, *Levy*, and *Rao*. *See, e.g.*, *Lawhorne v. Walgreens Boots All., Inc.*, No. 3:19-cv-16, 2019 WL 3046106, at \*4 (W.D. Va. July 11, 2019); *Cook v. Bob Evans Farms, Inc.*, No. 2:11-cv-1017, 2012 WL 407261, at \*4 (S.D.W. Va. Feb. 8, 2012).

Harley-Davidson does not cite a single case supporting the proposition that anything less than complete diversity is sufficient to invoke snap removal. And all the case law endorsing snap removal that it cites involved parties exhibiting complete diversity. In *Encompass*, an insurance company domiciled in Illinois sued a restaurant domiciled in Pennsylvania in Pennsylvania state court. *See* 902 F.3d at 149. In *Gibbons*, fifteen plaintiffs domiciled in states other than Delaware sued two pharmaceutical companies domiciled in Delaware in Delaware state court. *See* 919 F.3d at 704; *see also id.* at 705 n.2 ("The parties do not contest that the plaintiffs in all fifteen actions now before this Court are diverse from Defendants."). And in *Texas Brine*, a Texas-domiciled limited liability company sued a New York-domiciled corporation and two Louisiana-domiciled individuals in Louisiana state court. *See* 955 F.3d at 485. The list could go on.

Harley-Davidson fails to carry its burden to establish that removal based on snap removal is appropriate where complete diversity of citizenship is lacking. Remand is thus appropriate.

13

## CONCLUSION

Moore and Harley-Davidson put the cart before the horse by arguing about whether snap removal was proper in this case. The forum-defendant rule is procedural, rather than jurisdictional, so "it cannot confer jurisdiction where it does not exist." *Levy*, 52 F.4th at 247. The parties here lack complete diversity, so the Court does not have original jurisdiction, and removal is accordingly improper. Therefore, for the reasons stated above, the Court GRANTS Moore's motion to remand the case back to the Guilford County Superior Court.

It is SO ORDERED.

This the 11th day of June, 2026.

LINDSEY A. FREEMAN
UNITED STATES DISTRICT JUDGE

14